McHugh, J.
There can be little doubt that the complaint presents a more complicated picture of the underlying transaction than was probably necessary to satisfy the “short and plain statement” requirement of Mass.R.Civ.P. 8(a). Moreover, some of the complaint’s allegations were inartful and unnecessary. And, in some respects at least, plaintiffs’ conduct of the litigation after the complaint was filed was both sloppy and dispirited.[1]
Those deficiencies, however, do not satisfy the criteria for an award of attorneys fees and costs under G.L.c. 231, §6F. The relationship between the bank and builder, the apparent intersection and intertwining of their respective rights and interests and the on-again, off-again nature of the building project produced a nonfrivolous claim that plaintiffs had been harmed and reason to believe that the harm flowed from the failure of the bank or the developer or both to make clear and accurate representations regarding the commitments that were being made and those that were not being made.
Yes, the documents did not confer on plaintiffs the rights they asserted but documents alone do not always contain the last word. And, yes, this matter ended in a summary-judgment decision in which the court decided that the defendants had the better of every argument the plaintiffs made. But there is in this record neither the frivolity nor the conscious decision to proceed with a lost and unwinnable cause that alone will support relief under G.L.c. 231, §6F.
ORDER
In light of the foregoing, it is hereby ORDERED that defendants’ motion for costs should be, and it hereby is, DENIED.

 In that regard, however, there were remedies for any failure on plaintiffs’ part to pay any court-ordered costs. In addition, if plaintiffs’ conduct of appellate proceedings was frivolous, appellate remedies existed.